IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DAVID ROBIN WHITMORE,         )
                              )
            Petitioner,       )
                              )
vs.                           )      Case No. CIV-13-463-R
                              )
JANET DOWLING,[1]             )
                              )
            Respondent.       )

## REPORT AND RECOMMENDATION

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, claiming the denial of due process in a prison disciplinary proceeding in which he lost earned good-time credits. Doc. 1. United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). After careful review, the undersigned recommends dismissal of the action as untimely.

I.  Analysis.

   A.   Timeliness of the petition.

Petitioner's habeas action was filed in this Court on May 6, 2013. *Id.* Respondent seeks dismissal, maintaining in part that Petitioner failed to file his petition within a year from March 23, 2012, the date he discovered the factual

---

   [1]   Petitioner is in the custody of the Oklahoma Department of Corrections (DOC) and is currently housed in the Oklahoma State Penitentiary. *See* Doc. 21. His present warden is Anita Trammell.

predicate of his claim. Doc. 14, at 4-5. Petitioner does not contest that his petition was filed after the expiration of the applicable one-year period of limitation. Doc. 36. Instead, he submits that "prison officials . . . intentionally prevented the Petitioner from timely filing his Petition before his time expired . . . ." *Id.* at 1.[2] He "claims that he is entitled to equitable tolling" of the limitations period. *Id.* at 4.

B. **Equitable tolling.**

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634 (2010). But a petitioner is entitled to equitable tolling only if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)); *see also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (equitable tolling does not apply unless a petitioner shows both "extraordinary circumstances preventing timeliness and diligent pursuit of his

---

[2] Unless otherwise indicated, quotations in this report are reproduced verbatim.

2

claim"). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Yang*, 525 F.3d at 928 ("'An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'") (citation omitted).

C. **Whether Petitioner is entitled to equitable tolling.**

1. **Petitioner's claims.**

Petitioner first detailed his equitable tolling theory when he sought additional time to respond to Respondent's motion to dismiss. He claims that

> [t]he petition was filed on May 6th, 2013, after Prison officials held/prevented the Petitioner from mailing the petition in on or around Feb. 11th, 2013, causing him to miss the one-year [period of limitation].
> . . . .
>
> The Petitioner also has proof to show that Prison officials intentionally caused him to miss the one-year deadline, by denying him access to all of his legal files, at that critical stage.

Doc. 15, at 1.[3]

After receiving a second extension of his response deadline, Petitioner moved for an order "to stay proceedings and grant leave to conduct discovery" and "an evidentiary hearing via telephone . . . ." Doc. 25, at 1. He requested the discovery

---

[3] Petitioner also expressed his belief that his period of limitation was ninety days longer than Respondent claimed. Doc. 15, at 1.

to ascertain the necessary facts to help him meet his burden of proving that he would have been time[ly] had the D.O.C. General Counsel, not told Prison officials not allow the Petitioner access to his legal files, so he could mail in his [already] completed Petition for Writ of Habeas Corpus, not just completed, but already in the envelope self-addressed to the Western District Court.

*Id.* at 4-5 (brackets in original).[4] The undersigned denied the request, finding Petitioner had failed to establish good cause. Doc. 28.

Petitioner requested reconsideration of the denial of his discovery request and continued to fill in the details of his equitable tolling claim. Doc. 30. He stated that he was placed in SHU on February 11, 2013, and that his petition in this case and his complaint in *Whitmore v. Harris*, Case No. 13-460-M (W.D. Okla.), a 42 U.S.C. § 1983 action, were "already completed in self-addressed envelopes ready to be mailed." *Id.* at 4-5, 6. He stated that the envelopes were in his legal files and that prison officials did not allow him to access his legal files until April 8, 2013, after his filing deadline in this case. *Id.* at 5-6. He further claimed that, even then, he was not permitted "to take his legal files that he had just picked out, back to his SHU cell, to where he would have been able to make the up-dated changes to his petition [and] complaint . . . ." *Id.* at

---

[4] Petitioner sought copies of grievance documents from February 11, 2013 to May 31, 2013; copies of DOC policies and rules with regard to inmates' (including Special Housing Unit (SHU) inmates') legal materials, legal mail, and court deadlines; emails to and from various prison officials; SHU log books; policies with regard to offender property; and an audio recording of his disciplinary hearing. Doc. 25, at 5.

4

7. Instead, according to his statement, on "April 19th, 2013, after his disciplinary hearing, the Petitioner in [full] restraints was escorted to the property/mail room, he was told that he could not have any of his legal files, but he could mail out his completed documents." *Id.* at 8 (brackets in original).

Petitioner contends that the facts in his case are "almost identical" and "may be a little better" than those in *United States v. Gabaldon*, 522 F.3d 1121 (10th Cir. 2008). Doc. 36, at 8 n.4. There, prison officials placed Mr. Gabaldon in segregation and confiscated his legal materials several weeks before the expiration of his 28 U.S.C. § 2255 limitations period. *Gabaldon*, 522 F.3d at 1123. His legal materials included the draft of his § 2255 motion and supporting materials. *Id.* His legal materials were not returned until after the period of limitations expired. *Id.* He then filed his § 2255 motion some three weeks later, thirty-six days late. *Id.* Based on the record before it, the district court found no ground for equitable tolling and dismissed the § 2255 motion sua sponte. *Id.* at 1124. The Tenth Circuit remanded for further proceedings, concluding "that a complete confiscation of Mr. Gabaldon's legal materials just weeks before his filing deadline would constitute extraordinary circumstances for the purposes of equitable tolling." *Id.* at 1126.

**2. Petitioner has not met his burden of demonstrating**

5

**circumstances that justify equitable tolling.**

Despite Petitioner's contention, the record in his case, beginning with the petition itself, is notably distinguishable from the record in *Gabaldon*, and proves fatal to his entitlement to equitable relief. Doc. 1. Unlike Mr. Gabaldon, Petitioner executed his initiating pleading two weeks *after* the date he claims it was confiscated and held by prison officials. He hand-wrote the following on the last page of his petition:

> I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on the 28th day of February, 2013 postage prepaid to the Court Clerk of W.D. 200 NW 4th OKC, OK 73102.

*Id*. at 9.[5] He then executed his declaration and stated that he was doing so on "Feb. 28th, 2013." *Id.* These are material statements in a habeas petition with regard to the petition's timeliness. The court deems a petition filed on the day a petitioner gives it to prison authorities for mailing. *Fleming v. Evans*, 481

---

[5] The laws of the United States provide in pertinent part that

"[w]hoever . . . in any declaration . . . under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true . . . is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both."

18 U.S.C. § 1621(2).

F.3d 1249, 1255 n.2 (10th Cir. 2007); *Hoggro v. Boone*, 150 F.3d 1223, 1227 (10th Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

Petitioner's declaration, made under penalty of perjury, provides prima facie evidence that he had the petition in his hands on February 28, 2013, which contradicts Plaintiff's claim it was in files that prison officials allegedly would not allow him to access and allegedly had not allowed him to access since February 11, 2013.[6]

When the undersigned pointed out this glaring discrepancy in his equitable tolling theory, Petitioner sought to impeach his own declaration in order to reconcile it with his time line. Doc. 30, at 3-4. He did not, for example, challenge the legitimacy of his signature, but instead insisted that he habitually

---

[6] Petitioner alleges that prison officials "den[ied] him access to all of his legal files" as of February 11, 2013. Doc. 15, at 1. Court records, however, establish that he actively engaged in litigation and filed pleadings and papers after that date. He responded to a deficiency order by filing a new motion for in forma pauperis status and a motion for extension of time in *Whitmore v. Rogers*, Case No. 13-113-M (W.D. Okla.). Docs. 7, 9. He petitioned the Oklahoma Court of Criminal Appeals for a writ of mandamus on March 11, 2013. *See* Okla. State Courts Network, *Whitmore v. Okla. Dep't of Corr.*, Case No. MA-2013-223, Okla. Crim. App., http://www.oscn.net/applications/oscn/start.asp?viewType=DOCKETS (last accessed Nov. 14, 2014). He filed a detailed Motion to Amend Petition for Declaratory Relief in the District Court of Oklahoma County on March 5, 2013. *See* Okla. State Courts Network, *Whitmore v. Okla. Dep't of Corr.*, Case No. CV-2013-212, Okla. Dist. Ct., http://www.oscn.net/applications/oscn/start.asp?viewType=DOCKETS (last accessed Nov. 14, 2014). Clearly, Petitioner had access to legal documents and was filing matters with the courts after February 11, 2013.

makes his declarations based on his projected filing date.  So, the misdated declaration in this petition comes as no exception to his usual custom and practice.  *Id.* at 4.  In Petitioner's words, he "has a habit of [pre]dating his declarations, because according to his schedule/time table this is when he expected to mail it, this helps him be on time, and until now it has been effective.  It also helps him remember to mail it on that date." *Id.* (brackets in original).

Petitioner stopped short of explaining why his declaration/reminder system somehow required him to actually execute his declarations in addition to dating them.  Instead, he attempted to validate his selection of the February 28, 2013 date, explaining that he had completed the petition while housed at a Helena prison before a transfer in January 2013 and that "[i]t was the Petitioner's plan to mail out the Petition on Feb. 28th, 2013, giving the CIV-2013-113-M case a head-start, so they could be going at the same time, hence 'Hybrid.'" *Id.*

Petitioner acknowledges that he must prove his entitlement to equitable tolling.  Doc. 32, at 5.  In order to meet that burden, he must show both some extraordinary circumstance preventing timeliness *and* the diligent pursuit of his claim.  *See Holland*, 560 U.S. at 649.  With respect to the extraordinary circumstance prong, Petitioner claims that prison officials denied him access to

8

his already completed petition between February 11, 2013 and April 19, 2013, and that this was an extraordinary circumstance that stood in his way and prevented him from timely filing his habeas petition in March 2013.

Petitioner's own declaration directly belies this claim – he executed the petition on February 28, 2013 so it was in his possession on February 28, 2013. For the court to find that Petitioner has demonstrated – or even has evidence of – the extraordinary circumstance he asserts, he must first negate his own evidence. To this point, he states that he pre-dated his declaration. But the court has only Petitioner's word as evidence that he did not execute the petition on February 28, 2013. That evidence is entitled to no greater weight than his word – under penalty of perjury and in the petition itself – that he did, in fact, execute it on February 28, 2013. Petitioner has put himself in the untenable position of proving that he is now truthfully stating that he was, put bluntly, lying about a fact that he declared to be true under penalty of perjury.

Likewise, Petitioner's attempt to legitimize his purported selection of February 28, 2013 as an intended filing date is both legally incongruous and belied by his own contemporaneous allegation. Petitioner filed his § 1983 complaint in *Whitmore v. Rogers*, Case No. 13-113-M, on January 31, 2013, seeking damages and raising procedural due process and retaliation claims relating to the misconduct proceedings at issue in this habeas action. Case No.

13-113, Doc. 1. But a state prisoner's damages claim challenging the procedure used to deprive him of earned credits "is not cognizable under § 1983" unless the prisoner establishes that the sanction has previously been invalidated. *Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997). For Petitioner to maintain that he intended to give a "head-start" to the § 1983 case over the habeas action that seeks the invalidation needed for his § 1983 case is nonsensical. Doc. 30, at 4.

In addition, Petitioner's habeas allegations are contemporaneous evidence that he planned to file his § 1983 complaint after bringing the habeas action. Doc. 1, at 8. He alleged that his misconduct proceedings were compromised by a false report, an unfair investigation, and the absence of an impartial hearing officer. *Id.* He contended that "[a]ll of this was done out of retaliation; and this claim *will* [be] brought in a 42 U.S.C. § 1983." (emphasis added). *Id.* Petitioner's contemporaneously expressed intention was to file his § 1983 action in the future and not vice-versa as he now claims.

Petitioner has made other statements of record that further erode his contentions regarding his declaration. He maintains that both his habeas petition in this case and his § 1983 complaint in *Whitmore v. Harris*, Case No. CIV-13-460-M, were complete and ready to be filed on February 11, 2013, when prison officials then denied him access to the documents and prevented him

from making any changes to the documents. Doc. 30, at 5-8.[7] On May 7, 2013, Petitioner wrote a letter, under penalty of perjury, to Judge Miles-LaGrange in one of his other cases, discussing the present case and his related § 1983 case:

> I drafted up a civil complaint, against these prison officials, along with a Petition for Writ of Habeas Corpus, I had the required copies made, and my motion for leave to file IFP, and affidavit. All of this was in 2 SASE manilia envelopes, ready to be made out on Feb. 11, 2013.
>
> Prison officials, denied me access to my legal files, preventing me from being able to meet my deadline, of March 21st, 2013, for my § 2241, Whitmore v. Dowling, after several grievances, I was allowed to go through my legal files and pick out all of the files I needed. this was April 8th, 2013, these files were then turned over

---

[7] Petitioner alleged that "on Feb. 11th, 2013, he came/went to SHU, and that he had these legal documents already completed in self-addressed envelopes ready to be mailed." Doc. 30, at 5. Then, on April 8th, 2013, following his complaints of "needing access to his legal files to mail in his legal documents" "prison officials finally escorted the Petitioner over to the law-library supervisor's office, where he was allowed to pick out the legal files he needed." *Id.* at 6. But he claimed further that

> on April 8th, 2013, the Petitioner was lead to believe he was going to get to take his legal files that he had just picked out, back to his SHU cell, to where he would have been able to make the up-dated changes to his petition; complaint; and appeal. To his surprise, he was told that the Dep. Warden had to approve it, so his legal files went to the Dep. Warden's office . . . .
>
> On April 19th, 2013, after his disciplinary hearing, the Petitioner in [full] restraints was escorted to the property/mail room, he was told that he could not have any of his legal files, but he could mail out his completed documents . . . .

*Id.* at 7-8 (brackets in original).

> to the Dep. Warden, who again denied me access to my legal files .
> . . so I grieved again, and on April 19th, 2013, I was told that I could
> mail out the § 1983; § 2241; and a reply brief to the Tenth Circuit.

*Whitmore v. Mask*, Case No. 11-202-M (W.D. Okla.), Doc. 181, at 2.

Similarly, here Petitioner maintains that "[a]ll that Petitioner was allowed to do was seal the envelopes, and put the rest of his legal files back in his property. This was done on April 19th, 2013 . . . ." Doc. 34, at 10. But despite his claim that he had no opportunity to change anything in the envelopes that prison officials had been holding since February 11, 2013, Petitioner signed the motion to proceed in forma pauperis in *Whitmore v. Harris*, Case No. 13-460-M, on March 7, 2013. Case No. 13-460-M, Doc. 2, at 3.

And, in an April 26, 2013 letter to the Clerk of Court, signed under penalty of perjury, Petitioner reaffirmed that

> on 4-19-13, I turned in to prison officials two separate manila envelopes, postage prepaid to the U.S. Dist. Ct. Of the W.D. of Okla., that contained the following initial pleadings:
> 1. "Petition for Writ of Habeas Corpus" (§ 2241) & "motion for IFP."
> 2. "Civil Rights Complaint" (§ 1983) and "motion for IFP."
> The § 2241 is "<u>Whitmore v. Dowling</u>", and the § 1983 is "<u>Whitmore v. Harris</u>, et. al."

*Whitmore v. Dowling*, Case No. CIV-12-1408-M (W.D. Okla.), Doc. 21, at 1. Nonetheless, he declared in that § 1983 action (*Whitmore v. Harris*, CIV-13-460-M), that "under penalty of perjury that he is the leading Plaintiff in the

12

above action, that he has read the above complaint and that information contained therein is true and correct. 28 U.S.C. § 1746. 18 U.S.C. § 1621," and he executed the declaration on April 22, 2013. Case No. 13-460-M, Doc. 2, at 6.

Petitioner cannot meet his burden of establishing that an extraordinary circumstance prevented the timely filing of this habeas action.[8]

## II. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends that Respondent's motion to dismiss be granted and Petitioner's action seeking habeas corpus relief be dismissed as time-barred. The undersigned further recommends that other pending motions be deemed moot.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 11, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the

---

[8] Because Petitioner must establish *both* extraordinary circumstances and diligent pursuit, the undersigned does not address his diligent pursuit contentions.

13

undersigned Magistrate Judge in this matter.

ENTERED this 21st day of November, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE