# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVID ROBIN WHITMORE, )
)
    Petitioner, )
)
v. ) Case No. CIV-13-463-R
)
JANET DOWLING, )
)
    Respondent. )

## ORDER

Petitioner filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody. Doc. No. 1. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On November 21, 2014, Judge Mitchell issued a Report and Recommendation wherein she recommended that the Petition be dismissed as untimely. Doc. No. 51, at 1.

## Standard of Review

The matter is currently before the Court on Petitioner's objection to the Report and Recommendation [Doc. No. 57], which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Petitioner makes specific objection. The Court construes Petitioner's filings liberally because he is a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which the [Petitioner] could prevail, it should do so despite the [Petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

construction, or his unfamiliarity with pleading requirements." *Id.* (footnote omitted). But the court will not "assume the role of advocate for the pro se litigant." *Id.*

### Analysis

Petitioner filed his Petition on May 6, 2013 seeking habeas corpus relief for the denial of due process in a prison disciplinary proceeding in which he lost good-time credits. Doc. No. 1, at 1. In her Motion to Dismiss, Respondent argues that the Petitioner did not commence this action by the March 23, 2013 deadline, which marked one year from the date the Oklahoma Court of Criminal Appeals affirmed the district court's denial of his Petition for Judicial Review. Doc. No. 14, at 4-5 (citing 28 U.S.C. § 2244(d)(1)(D) (providing for a one-year limitations period, running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence")). Petitioner argues that he is entitled to statutory and equitable tolling because prison officials prevented him from accessing his legal files, and that he is factually innocent of the underlying charge of battery that led to the disciplinary hearing. Doc. No. 57, at 1-2; Doc. No. 36, at 1, 3-5.

**A. Equitable Tolling**

Petitioner first argues that he is entitled to equitable tolling. In this regard, he must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "[A] complete confiscation of [a petitioner's] legal materials just weeks before his filing deadline would constitute

extraordinary circumstances for the purposes of equitable tolling." *United States v. Gabaldon*, 522 F.3d 1121, 1126 (10th Cir. 2008).

Petitioner alleges that he did not have access to his legal files from February 11, 2013 to April 19, 2013. Doc. No. 57, at 9; Doc. No. 36, at 4-5; Doc. No. 15, at 1. But the Declaration Under Penalty of Perjury located at the end of his Petition states that it was executed on February 28, 2013, which leads the Court to conclude that he had possession of the Petition on that date, several weeks prior to the one-year deadline. Doc. No. 1, at 9. Petitioner asserts that he "pre-dated his Declaration, with the date of Feb. 28, 2013, because this was the date he had expected to mail in his petition." Doc. No. 36, at 7. This, he alleges, is a habit of his, given the numerous cases he is currently litigating, because it "helps him be on time" and "also helps him remember to mail it on that date." Doc. No. 30, at 4.

The Magistrate Judge aptly noted that "Petitioner has put himself in the untenable position of proving that he is now truthfully stating that he was, put bluntly, lying about a fact that he declared to be true under penalty of perjury." Doc. No. 51, at 9. The Court holds Petitioner to his word, given under penalty of perjury, that he executed his Declaration on February 28, 2013. That being the case, his argument that prison officials prevented him from accessing his files so he could not timely file this action has no merit. Petitioner has not demonstrated that an extraordinary circumstance stood in his way, and he is therefore not entitled to equitable tolling of the one-year limitations period.

### B. Statutory Tolling

Petitioner next contends that he argued his entitlement to statutory tolling before the Magistrate Judge and she erred in not considering that issue. Doc. No. 57, at 15. He asserts that, pursuant to 28 U.S.C. § 2244(d)(1)(B), the one-year limitations period did not begin until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States [was] removed, [because he] was prevented from filing by such State action." Doc. No. 36, at 3, 8.

Even if Petitioner provided the Magistrate Judge with sufficient evidence that prison officials were preventing him from accessing some of his legal materials, to be eligible for the limitation period contemplated by § 2244(d)(1)(B), he must still show that he diligently pursued his claims. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("The one-year time period begins to run in accordance with individual circumstances that could reasonably effect the availability of the remedy, *see* 28 U.S.C. § 2244(d)(1)(B), (D), but requires inmates to diligently pursue claims." (citation omitted)). As evidenced by his Declaration, Petitioner had possession of his Petition on February 28, 2013, even if he may not have had access to other legal materials. Although the Petition was "ready to be mailed out" on that date, Doc. No. 36, at 8, he did not file until May 6, 2013. Because Petitioner did not diligently pursue his claims, appealing to § 2244(d)(1)(B) does not preclude dismissal of this action for untimeliness.

### C. Actual Innocence

Finally, Petitioner argues that he is actually innocent of the underlying charge of "Battery to Staff" that resulted in the disciplinary hearing, and contends that this

4

"miscarriage of justice" is an exception to the one-year limitations period. Doc. No. 57, at 2. Although the Tenth Circuit has held that "[e]quitable tolling would be appropriate … when a prisoner is actually innocent," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), Petitioner cites no authority for the proposition that actual innocence can equitably toll the limitations period in a case in which the petitioner alleges actual innocence not of the underlying crime of conviction, but of a charge that resulted in a disciplinary hearing while in confinement. He even admits that "the miscarriage of justice standard was/is for criminal convictions in state and[/]or federal courts, and not write ups from prison disciplinary hearing[s], where the standards of guilt are considerably lower." Doc. No. 57, at 3. The Court finds that Petitioner is not entitled to equitable tolling for actual innocence because he does not contend that he is actually innocent of the crime of conviction. *See Woodward v. Cline*, 693 F.3d 1289, 1294 (10th Cir. 2012) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [the prisoner] guilty beyond a reasonable doubt.'" (quoting *House v. Bell*, 547 U.S. 518, 536-37 (2006)); *United States v. Starr*, 275 F. App'x 788, 789 (10th Cir. 2008) (unpublished) ("To establish actual innocence, a petitioner must demonstrate that 'it is more likely than not that no reasonable juror would have convicted him in the light of … new evidence.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## Conclusion

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 51] is ADOPTED in its entirety, and Respondent's Motion to

Dismiss [Doc. No. 14] is GRANTED. Petitioner's Motion Requesting Copies of All the Case Law[]/Authority Used in the Report and Recommendation [Doc. No. 45] and Motion for Judicial Notice [Doc. No. 48] are DENIED as moot.

IT IS SO ORDERED this 5th day of March, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE